# Richmond

## LEE COMPTON LINES, INCORPORATED v. COMMONWEALTH OF VIRGINIA, EX REL.

June 18, 1951.

Record No. 3747.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

*C. Carter Lee* and *Frank P. Burton,* for the appellant.

*Dodson & Pence,* for the appellees.

MILLER, J., delivered the opinion of the court.

The Lee Compton Lines, Incorporated, hereinafter called appellant, is a common carrier engaged in transportation of freight by motor vehicle. It holds certificates of public convenience and necessity from the State Corporation Commission of Virginia which allow it to operate as an intrastate carrier of freight over State Route 220 from Roanoke, Virginia, to Rocky Mount, Virginia, and thence along Route 40 to Ferrum, Franklin county, Virginia, a total distance of thirty-nine miles.

Appellant made application to the Commission for a certificate to operate as a common carrier of freight between Ferrum and Stuart, Patrick county, Virginia, a distance of thirty-three miles, which was denied.

Will the public convenience and necessity be served by award of that certificate is the issue presented.

The new route sought is from Ferrum along Route 40 to Woolwine, thence over Route 8 to Cruzes Store, and then along Routes 8 and 58 to Stuart. If granted, it would afford appellant an extension on to Stuart of its present line which runs from Roanoke to Ferrum, and thus allow it a rather direct route from Roanoke at the north, to Stuart at the south, an overall distance of approximately seventy-two miles.

Appellant intended to offer daily service with a freight carrier leaving Stuart each morning for Roanoke and returning that afternoon. The distance of fourteen miles from Stuart to Woolwine, served by other carriers, it offered to traverse with "closed doors."

Interested parties were given notice of the application and common carriers by motor vehicle operating in that general area or territory and rendering service between Roanoke and Stuart appeared in opposition to the awarding of the certificate.

Testimony was taken and heard by the Commission bearing upon whether or not public convenience and necessity required freight transportation service between Stuart and Ferrum, which, if granted, would allow applicant a direct route to and between Stuart and Roanoke, as south and north terminal points.

The evidence disclosed and the Commission found that the population of Stuart and the area closely adjacent thereto is about 1,000, and that three other carriers of freight by motor vehicle serve the territory lying along routes between Stuart and

Roanoke. The Floyd Roanoke Freight Line gives a twenty-four hour service between these towns. The route over which it operates is sixty-nine miles in length and by way of Floyd, Virginia. This route roughly parallels that over which appellant desires to operate between Stuart and Roanoke. The O. D. Compton Freight Line renders daily freight service over Route 220 from Roanoke to Martinsville, a distance of fifty-four miles, where freight to Stuart can be transferred to the Rapid Transit Company. That company operates a daily service over Route 58 between Martinsville and Stuart, a distance of about thirty miles. Another carrier, the General Motor Lines, renders service between Roanoke and Stuart over a somewhat longer route and by interchange at Hillsville, Virginia. This carrier hauls only a small amount of the freight which moves between Roanoke and Stuart.

The evidence shows that the total monthly freight revenue derived by all of the freight carriers from business between Roanoke and Stuart amounts to approximately $240. It also appears that none of the lines serving these termini is used to capacity. If necessary, they could easily transport more freight.

Though numerous witnesses offered by appellant testified that the additional service sought to be rendered by it would be desirable and convenient to certain parties on occasions, none said that it was a necessity.

The freight lines now serving all of the territory involved except the short sector of twenty-five miles between Ferrum and Woolwine are rendering reasonably satisfactory service and are not operating at capacity load. The addition of another through line from Stuart to Roanoke would seriously reduce the income of the present carriers operating along routes between those termini without affording service materially different from or better than that now rendered.

Though the segment of twenty-five miles along Route 40 from Ferrum to Woolwine has no common carrier freight service, it is somewhat sparsely settled and the Commission did not deem the demand for service sufficient to justify award of a certificate from Ferrum to Stuart and thus allow additional service between Roanoke on the north and Stuart at the south.

The principles of law applicable to situations of this character have been often stated. *Norfolk Southern R. Co.* v. *Commonwealth*, 141 Va. 179, 126 S. E. 82; *Petersburg, etc., Ry. Co.* v.

*Commonwealth,* 152 Va. 193, 146 S. E. 292, 67 A. L. R. 931; *Southside Transp. Co.* v. *Commonwealth,* 157 Va. 699, 161 S. E. 895; *Turner* v. *Hicks,* 164 Va. 612, 180 S. E. 543; *Jessup* v. *Commonwealth,* 174 Va. 133, 5 S. E. (2d) 482; *Virginia Stage Lines* v. *Commonwealth,* 185 Va. 390, 38 S. E. (2d) 576; *Virginia Stage Lines* v. *Commonwealth,* 186 Va. 1066, 45 S. E. (2d) 318. Most pertinent to the circumstances disclosed by this record are the pronouncements of Chief Justice Hudgins in *Jessup* v. *Commonwealth, supra:*

■ "It is not mandatory upon the Commission to grant a certificate of public convenience and necessity authorizing an applicant to establish a freight line by motor vehicle over all sectors of every highway, even though there may be no other carrier by motor vehicle serving that particular sector of the highway in question. Whether such a right shall be granted is addressed to the sound discretion of the Commission." (174 Va. at p. 137.)

"The applicant further contends that under this statute it is the duty of the Commission to consider the convenience and necessity of that part of the public within the 29-mile sector between Dillwyn and Appomattox to the exclusion of the necessity and convenience of the public over other parts of the route and at the termini of the freight lines. This contention is unsound. 'Public convenience is always the paramount consideration.' *Petersburg, etc., Ry. Co.* v. *Commonwealth,* 152 Va. 193, 146 S. E. 292, 67 A. L. R. 931. However, in arriving at this 'paramount consideration', the convenience and necessity of the entire public affected by the proposed line should be considered. 'For unnecessary duplication of transportation facilities, the public ultimately pays. "Shoestring" competition, in the end, hurts everybody.' *Petersburg, etc., Ry. Co.* v. *Commonwealth, supra.*" (174 Va. at p. 138.)

"The Commission is vested with wide discretion in the issuance of certificates of public convenience and necessity and in the supervision of transportation by all common carriers. The judgments of the Commission are presumed to be correct. The evidence in this case is not sufficient to overcome this presumption." (174 Va. at p. 142.)

■ In our opinion, the evidence justified the conclusion that award of the certificate sought was not necessary and if granted, would absorb part of and so lessen the volume of freight shipped

over the lines of carriers now serving that territory and termini as to seriously affect and impair their business in that area. It was well within the sound discretion of the Commission to conclude that the award of this certificate and the operation of another through route from Roanoke to Stuart would jeopardize the business of the existing carriers and would not be in the interest of the entire public to be served by the proposed line.

We find no error in the order appealed from and it is affirmed.

*Affirmed.*